IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUSANA CLARK,

      Plaintiff,

v.                                              No. CIV-15-1055 CG/LAM

NOR-LEA HOSPITAL DISTRICT, and
NOR-LEA GENERAL HOSPITAL,

      Defendants.

## ORDER DENYING MOTION TO EXTEND DEADLINES

**THIS MATTER** is before the Court on the parties' *Joint Motion to Extend Scheduling Order Deadlines (Doc. 27)*, filed October 19, 2016. Having reviewed the motion, the parties' proposed deadlines submitted to the Court on November 8, 2016, and the record of this case, the Court **FINDS** that the motion shall be **DENIED**.

On April 29, 2016, the Court held a Rule 16 Initial Scheduling Conference at which the Court set the following case management deadlines:

| | |
|---|---|
| Plaintiff(s)' Rule 26 (a)(2) expert disclosures: | July 28, 2016 |
| Defendant(s)' Rule 26 (a)(2) expert disclosures: | August 29, 2016 |
| Termination date for discovery: | September 28, 2016 |
| Motions relating to discovery: | October 19, 2016 |
| Pretrial motions other than discovery motions: | November 9, 2016 |
| Pretrial Order: Plaintiff(s) to Defendant(s) by: | January 30, 2017 |
| Defendant(s) to Court by: | February 13, 2017 |

[*Doc. 14*].  On July 28, 2016, the parties participated in a settlement conference, but the case did not settle.  *See* [*Doc. 19*].  On July 29, 2016, the Court granted the parties' joint motion to extend the expert witness disclosures, and allowed an extension to August 26, 2016 for Plaintiff's expert witness disclosures and to September 26, 2016 for Defendants' expert witness disclosures. [*Doc. 21*].

On October 19, 2016, the parties filed their joint motion to extend the deadlines in this case, stating: "Matters impacting the discovery and the other deadlines have included Defendants' counsel's intervening extended bereavement leave, and Plaintiff's resolution of a related case, as well as efforts to resolve this case that have included a settlement conference as well as ongoing settlement negotiations, all of which constitute, either separately or together, good cause for this Joint Motion." [*Doc. 27* at 1].  The motion does not state which deadlines the parties seek to extend, or how much of an extension they are seeking; instead, the motion states that the parties "will submit a new scheduling order separately for the Court's consideration."  *Id.*  The Court contacted the parties two times asking for their proposed scheduling order and, on November 8, 2016, the parties submitted their proposed scheduling order, with the following proposed deadlines:

| | |
|---|---|
| Plaintiff(s)' Rule 26 (a)(2) expert disclosures: | October 28, 2016 |
| Defendant(s)' Rule 26 (a)(2) expert disclosures: | November 28, 2016 |
| Termination date for discovery: | December 30, 2016 |
| Motions relating to discovery: | January 1, 2017 |
| Pretrial motions other than discovery motions: | January 31, 2017 |
| Pretrial Order: Plaintiff(s) to Defendant(s) by: | February 28, 2017 |
| Defendant(s) to Court by: | March 8, 2017 |

The Court finds that the parties' motion should be denied for several reasons. First, the parties filed their motion *after* several of the deadlines they are seeking to extend had already run (expert disclosure deadlines and discovery deadline). In general, the Court may extend a deadline "if a request is made[] *before* the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A) (emphasis added). Pursuant to Fed. R. Civ. P. 6(b)(1)(B), however, the Court may, for good cause, extend the time for a party to act "on motion made after the time has expired if the party failed to act because of excusable neglect." In their motion, the parties refer to bereavement leave, resolution of a related case, and ongoing settlement negotiations; however, the parties fail to provide any specific information as to how these events prevented them from filing their motion within the original deadlines set by the Court. The parties do not state what dates Defendants' counsel was out for bereavement leave, and do not state which case Plaintiff's counsel was working on or how it is related to this case. The parties also fail to state what ongoing settlement negotiations they have engaged in. Therefore, the Court does not find excusable neglect for the parties' failure to file their motion until after several of their deadlines had already run.

Second, the parties fail to state with any particularity why they need extensions of time of up to ninety days for their case management deadlines. The parties fail to state what discovery they have conducted during the six months since their Rule 16 Initial Scheduling Conference, and fail to state what additional discovery is needed that will take an additional ninety days. Moreover, the parties waited until almost three months after their settlement conference to file their motion, and yet fail to state what they have been doing to work on this case since their settlement conference. The Court finds that this is insufficient to set forth good cause for extending the parties' case management deadlines.

Finally, the parties' failure to state in their motion which deadlines they are seeking to extend and by how much, and their failure to timely provide the Court with their proposed scheduling order, further supports a finding that they have failed to set forth good cause to extend their deadlines. The parties' failure to provide this information in their motion required the Court to spend its time contacting the parties multiple times and, instead of responding to the Court's e-mail, the parties responded suing two incorrect e-mail addresses which further delayed the Court's consideration of the motion. It is not acceptable for parties to file a motion asking for an open-ended extension of time, and the Court should not have to contact the parties to ask them to provide their requested deadlines. *See* D.N.M. LR-7.1(a) ("A motion must be in writing *and state with particularity the grounds and the relief sought*.") (emphasis added). The Court cautions counsel to refrain from this type of motion practice in the future.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, the parties' *Joint Motion to Extend Scheduling Order Deadlines (Doc. 27)* is **DENIED**.

**IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**